UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dawain Davis, et al.,

                        Plaintiffs,

-against-

T&T Express Shipping, LLC, et al.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/6/2024

1:22-cv-01936 (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

The Court has reviewed the parties' joint letter, dated January 31, 2024 (*Cheeks* Letter, ECF No. 66), seeking approval of their proposed Settlement Agreement and Release (the "Agreement") (Agmt., ECF No. 66-1). For the following reasons, the application is DENIED WITHOUT PREJUDICE and subject to renewal in accordance with the provisions of this Order.

## DISCUSSION

**I.    Mutual General Release And Covenant Not To Sue (Paragraph 3)**

Paragraph 3 of the Agreement provides for a mutual general release by and between the Plaintiffs and the Defendants (the "Mutual General Release"). (Agmt. ¶ 3.) In their *Cheeks* Letter, the parties represent to the Court that "Plaintiff's release of claims is narrowly tailored." (*Cheeks* Ltr. at 5.) However, the language in the Agreement does not reflect a narrow tailoring. The Mutual General Release provides, in relevant part:

> In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all claims that Plaintiffs have or may have against Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, managers, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees") of and from all debts, obligations, promises, covenants,

> agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature from the beginning of the world to the date of this Agreement. Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiffs' right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws. Plaintiffs shall not, however, be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated.

(Agmt. ¶ 3.)

The release of "any and all claims that Plaintiffs have or may have against Defendants" (*Cheeks* Ltr. at 5) exceeds the issues in this action. "A number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Weng v. T&W Restaurant, Inc.*, No. 15-CV-08167 (PAE) (BCM), 2016 WL 3566849, at *5 (S.D.N.Y. June 22, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-04259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (collecting cases)). Courts are reluctant to approve settlement agreements with general releases unless there is some limiting factor in the general release clause or a specific showing that the language "is not unfair." *Weng*, 2016 WL 3566849, at *5.

Accordingly, the Court orders the parties to revise the Mutual General Release or provide a written explanation as to why it is not unfair.

II. **Non-Disparagement Clause (Paragraph 6)**

Paragraph 6 of the Agreement provides for a mutual non-disparagement by and between the Plaintiffs and the Defendants (the "Non-Disparagement Clause"). (Agmt. ¶ 6.) The parties represent to the Court that "the parties' non-disparagement clause is . . . mutual and makes clear that truthful statements about the nature of the case, the settlement of the case, and the parties' experiences in litigating their claims and defenses, do not constitute disparagement." (*Cheeks*

2

Ltr. at 5.) However, this representation is inconsistent with the language in the Agreement. Paragraph 6 provides:

> Plaintiffs and Defendants mutually agree to forbear from making, causing to be made, publishing, ratifying or endorsing any and all disparaging remarks, derogatory statements or comments made to any party with respect to either of them. As used in this paragraph, the term "disparage" includes, without limitation, comments or statements to the press or any individual or entity which could adversely affect the parties' personal or business reputation or interests, as well as any statements or postings on any social media or other internet platforms (including, but not limited to blogs, X (a/k/a Twitter), Facebook, LinkedIn, Glassdoor, Indeed, Snapchat, Threads, Reddit, YouTube, Wikipedia, Tumblr, TikTok and Instagram), or any statements on any reality or other television, video, film or other program of any kind, which could adversely affect the parties' personal or business reputations or interests. Nothing in this Agreement prevents Plaintiffs or Defendants from responding truthfully to an inquiry from a court, government entity or subpoena or as otherwise required by law.

(Agmt. ¶ 6.)

In this District, courts "routinely reject proposed settlement agreements that contain non-disparagement clauses, as they 'bar plaintiffs from openly discussing their experiences litigating [their] wage-and-hour case[s]' and 'run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair.'" *Rodriguez v. Taco Mix LLC*, No. 21-CV-03644 (ER), 2023 WL 5051898, at *3 (S.D.N.Y. July 5, 2023) (quoting *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (quotation omitted)). While the Non-Disparagement Clause provides a carve-out for the parties to respond truthfully to any inquiries from a court or government entity, pursuant to a subpoena or as otherwise required by law, it does not permit Plaintiffs to make truthful statements outside of such inquiries.

While the Court is cognizant that consideration for a settlement payment will not render "every non-disparagement clause in an FLSA settlement [as] *per se* objectionable," there still must be room for free and open discussion for the parties to express their experience litigating

3

the applicable matter. *Lopez*, 96 F. Supp. 3d at 181. Thus, the Court will not approve the Non-Disparagement Clause as currently written. *See Alvarez v. Schnipper Restaurants LLC*, No. No. 16-CV-05779 (ER), 2019 WL 5682633, at *4 (S.D.N.Y. Nov. 1, 2019) ("Because the Settlement Agreement contains a non-disclosure provision and because the non-disparagement clause at issue here does not include a carve-out for truthful statements, the Court will not approve the Agreement with the confidentiality clause as currently written."); *see also Rodriguez*, 2023 WL 5051898, at *3 (rejecting second attempt by Bell Law Group, PLLC, to provide non-disparagement provision in settlement agreement that did not provide necessary carveouts).

## **CONCLUSION**

Accordingly, the parties' application for approval of the Agreement is DENIED WITHOUT PREJUDICE. No later than February 16, 2024, the parties shall file a revised settlement agreement with a revised *Cheeks* submission, as follows:

1. Revising the Mutual General Release or providing a written explanation as to why it is not unfair; and

2. Revising the Non-Disparagement Clause to include a carve-out for truthful statements.

**SO ORDERED.**

DATED:   New York, New York
         February 6, 2024

_____
STEWART D. AARON
United States Magistrate Judge