UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dawain Davis, et al.,

                Plaintiffs,

-against-

T&T Express Shipping, LLC, et al.,

                Defendants.

1:22-cv-01936 (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    This case contains claims under the Fair Labor Standards Act and the New York Labor Law. Following a settlement conference on November 2, 2023, the parties reached a settlement on all issues. (*See* Defs.' 11/2/23 Ltr., ECF No. 57.)

    On November 27, 2023, the parties filed a Proposed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. (ECF No. 59.) On November 28, 2023, District Judge Broderick issued an Order on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (11/28/23 Order, ECF No. 60.)

    On November 28, 2023, this Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (the "*Cheeks* Submission"). (11/28/2023 Order, ECF No. 61.) On January 2, 2024, Defendants filed a letter motion for an extension of time to file the *Cheeks* Submission. (Defs.' 1/2/24 Ltr., ECF No. 62.) The Court granted the extension request and provided the parties until January 17, 2024. (1/2/24

Order, ECF No. 63.) On January 19, 2024, after the Court did not receive any filings, the Court's Chambers emailed the parties' counsel to either submit their *Cheeks* submission or file a joint letter requesting an extension of time no later than January 22, 2024. On January 22, 2024, the parties filed a joint motion for an extension of time to submit their *Cheeks* Submission. (Pls.' 1/22/24 Ltr., ECF No. 64.) On January 23, 2024, the Court granted the parties' request to submit their *Cheeks* Submission no later than January 31, 2024. (1/23/24 Order, ECF No. 65.)

On January 31, 2024, the parties submitted their *Cheeks* Submission, which consisted of a letter (the "*Cheeks* Letter," ECF No. 66), a proposed settlement agreement (ECF No. 66-1), and attorney's fees records (ECF No. 66-2).

On February 6, 2024, the Court denied the parties' *Cheeks* Submission and proposed settlement agreement without prejudice on the grounds that (1) the mutual general release was written too broadly and the non-disparagement clause did not provide a carve-out for the parties to discuss their experience litigating the claims and defenses from this case. (2/6/24 Order, ECF No. 67.) The Court provided the parties until February 16, 2024, to resubmit their settlement paperwork. (*Id.*)

On February 13, 2024, the parties submitted a second letter seeking the Court's approval of the parties' revised settlement paperwork (the "Revised *Cheeks* Submission"). (Pls.' 2/13/24 Ltr., ECF No. 68.) The Revised *Cheeks* Submission consisted of a letter (the "Revised *Cheeks* Letter," ECF No. 68) and a revised proposed settlement agreement (the "RPSA," ECF No. 68-1).[1]

As explained in the Revised *Cheeks* Letter, the RPSA limits the mutual general release to claims that Plaintiffs brought in this action and deleted the previous broad clause which would

---

[1] The RPSA is missing the signature of Plaintiff Luke Lapomp.

2

release "any and all claims." (RPSA ¶ 3.) Additionally, the RPSA added a carve-out in the mutual non-disparagement paragraph that allows the parties to discuss their experiences litigating this matter. (*Id.* ¶ 6(b).)

Having reviewed the RPSA at ECF No 68-1, the Court now finds that the RPSA is fair and reasonable, given both the nature and scope of Plaintiffs' individual claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

In addition, Plaintiffs seeks approval of $4,950.00 in attorney's fees, which is one-third of the total settlement amount. (*See Cheeks* Letter at 3, 5-6; *see also id.* at 6 (showing lodestar of $ 33,380.00).) Courts in this Circuit typically approve attorneys' fees in the amount of one-third of the total recovery. *See, e.g., Ramos v. DNC Food Serv. Corp.*, No. 19-CV-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) (citing cases). "Additionally, courts regularly award lodestar multipliers from two to six times lodestar." *Id*. (internal alterations and quotations omitted). In line with that precedent, the Court finds that the requested attorney's fees are fair and reasonable. In reaching this conclusion, the Court makes no findings with respect to the reasonableness of counsel's hourly rates.

For these reasons, the settlement is preliminarily approved. Final approval must await submission of a fully executed settlement agreement containing Mr. Lapomp's signature. The parties shall submit the fully executed settlement agreement to the Court no later than February 21, 2024.

3

**SO ORDERED.**

Dated: New York, New York
February 14, 2024

_____
STEWART D. AARON
United States Magistrate Judge

4